**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD KAPUSCINSKI, Personal Representative of the Estate of DAVID KAPUSCINSKI, Deceased,

   Plaintiff,

v.

OFFICER NICHOLAS B. MITCHELL, OFFICER GARY ROBINSON, CITY OF ROCKWOOD, and CITY OF GIBRALTER, Jointly and Severally,

   Defendants.

Case No.:
Honorable:

_____/

TODD J. WEGLARZ (P48035)
Attorney for Plaintiff
Fieger Law
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
tweglarz@fiegerlaw.com

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

   There is no other pending or resolved civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint.

          ___/s/ Todd J. Weglarz___
          Todd J. Weglarz (P48035)

   NOW COMES Plaintiff, by and through his Attorneys, and for his Complaint against the above named Defendants, states as follows:

## I. NATURE OF THE ACTION

1. This is an action for violation of Plaintiff's federal rights under the 4th Amendment to the United States Constitution, under 42 USC § 1983, arising out of the unlawful apprehension and arrest of Plaintiff on August 20, 2010.

## II. PARTIES

2. At all times relevant, Plaintiff was a resident of the City of Brownstown, County of Wayne, State of Michigan.

3. At all times relevant, Decedent DAVID KAPUSCINSKI was a resident of Wayne County, Michigan.

4. Plaintiff is the lawfully appointed Personal Representative of the Estate of David Kapuscinski, Deceased.

5. At all times relevant, Defendant OFFICER NICHOLAS B. MITCHELL (hereinafter "MITCHELL") was employed as a police officer by the Rockwood Police Department, and was acting within the scope of his employment with the Rockwood Police Department, and was acting under the color of law.

6. At all times relevant, Defendant OFFICER GARY ROBINSON (hereinafter "ROBINSON") was employed as a police officer by the Gibralter Police Department, and was acting within the scope of his employment with the Gibralter Police Department, and was acting under the color of law.

7. At all times relevant, Defendant CITY OF ROCKWOOD was a municipal corporation organized and existing by virtue of the laws of the State of Michigan.

8. At all times relevant, Defendant CITY OF ROCKWOOD created, formed, staffed, operated, controlled, and supervised the Rockwood Police Department, a municipal law enforcement agency authorized and existing under the laws of the State of Michigan.

9. At all times relevant, Defendant CITY OF GIBRALTER was a municipal corporation organized and existing by virtue of the laws of the State of Michigan.

10. At all times relevant, Defendant CITY OF GIBRALTER created, formed, staffed, operated, controlled, and supervised the Gibralter Police Department, a municipal law enforcement agency authorized and existing under the laws of the State of Michigan.

### III.  JURISDICTION AND VENUE

11. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

12. The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees.

13. Original jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, and 1343(a)(1), (3) and (4).

14. Venue is vested in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(2).

### IV.  GENERAL ALLEGATIONS

15. During the early morning hours of April 16, 2015, Defendants MITCHELL and ROBINSON were dispatched to a call for a domestic dispute at 14680 Gibralter Road in Gibralter, Michigan.

16. At approximately 03:28 am on April 16, 2015, Defendants MITCHELL and ROBINSON arrived at the above address, and found Plaintiff's Decedent, unarmed and unclothed, in his bedroom and allegedly having an argument / dispute with his fiancé / girlfriend.

17. Defendant MITCHELL and / or ROBINSON deployed his / their taser at Plaintiff's Decedent, striking Decedent in the back of the right arm.

18. After Decedent was tazed the first time, Decedent's fiancé / girlfriend left the bedroom, leaving only the unclothed and naked Decedent, who was unarmed, in the bedroom with the two officers, Defendants MITCHELL and ROBINSON.

19. Though Decedent was unarmed and without any clothing, and obviously did not present a risk of harm or threat to Defendants, Defendants continued to taser Decedent, including the deployment of a second taser, the probes from which struck Decedent in the chest.

20. Decedent was deployed several times, causing Decedent to become unresponsive and to stop breathing.

21. Decedent was transported to South Shore Hospital, where Decedent was pronounced dead shortly thereafter.

22. Wayne County Medical Examiner Autopsy Report determined Decedent's cause of death to be cardiac dysrhythmia due to electrical stun gun wound to the chest.

23. As a direct and proximate result of the above and below described actions, Plaintiff's Decedent and the heirs at law to Decedent's Estate did and will continue to suffer injuries and damages, including, but not limited to:

    a. Death;

    b. Conscious pain and suffering from time of excessive force until time of Decedent's death;

    c. Reasonable medical expenses, past, present, and future;

    d. Physical and emotional pain and suffering, past, present, and future;

    e. Wage loss and loss of earning capacity, past, present and future;

    f. Loss of Decedent's society and companionship;
    g. Any and all punitive damages allowed under state and federal law.

## COUNT I

### VIOLATION OF FEDERAL CIVIL RIGHTS 42 USC §1983
### Defendants MITCHELL & ROBINSON

24. Plaintiff hereby reasserts and re-alleges paragraphs 1 through 23 as though fully set forth herein.

25. That pursuant to 42 USC §1983, as well as the 4th and 14th Amendments to the United States Constitution, Defendants MITCHELL and ROBINSON owed to Plaintiff's Decedent the duty to act prudently, with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, and excessive force.

26. That the above-described pursuit, apprehension, seizing, and excessive tasering of Plaintiff's Decedent by Defendants MITCHELL and ROBINSON was without legal justification and / or provocation, and was unnecessary, unreasonable, and clearly excessive, and therefore violated Plaintiff's Decedent's rights under the 4th and/or 14th Amendments to the United States Constitution.

27. The violations of Plaintiff's Decedent's civil rights alone entitle Plaintiff's Decedent and Decedent's Estate to damages, including punitive damages under federal law.

28. As a direct, proximate, and foreseeable result of the violations of Plaintiff's Decedent's civil rights by Defendant MITCHELL and ROBINSON, Plaintiff's Decedent and the heirs at law of Decedent's Estate suffered those injuries and damages as enumerated above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

## COUNT II

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC §1983
### Defendants CITY OF ROCKWOOD & CITY OF GIBRALTER

29. Plaintiff hereby reasserts and re-alleges paragraphs 1 through 28 as though fully set forth herein.

30. At all times relevant, Defendants CITY OF ROCKWOOD and CITY OF GIBRALTER, through their respective police departments, Chief Deputy, Commander in Chief, supervisors, and other policymakers, pursued policies, practices, and customs that were a direct and proximate cause of the unconstitutional false arrest employed with excessive force against Plaintiff's Decedent, and the other deprivations of constitutional rights alleged herein, and were the result of excessive force and/or deliberate indifference.

31. The policies, practices, and customs included, but were not limited to:

   a. Failure to properly screen, supervise, discipline, train, in-service, transfer, counsel, and/or otherwise control police officers who are known or should have been known to engage in the improper use of force, including the use of excessive and/or deadly force, especially those officers who are repeatedly accused of such improper acts;

   b. Ratification of acts of improper use of force, including the use of excessive and/or deadly force, with knowledge of the illegality;

   c. A police code of silence wherein other officers and supervisors habitually cover up use of excessive and/or deadly force, designed to falsely exonerate officers from potential civil and criminal liability;

      d.      Failure to train, or improper training of, officers, including Defendants Mitchell and Robinson;

      e.      Lack of justification by officers on incidents involving the use of force;

32.    As a direct and proximate result of the above policies, practices, and customs of Defendants CITY OF ROCKWOOD and CITY OF GIBRALTER, Plaintiff's Decedent was unlawfully arrested and subjected to unreasonable, unnecessary, and excessive force, causing Plaintiff's Decedent to suffer deprivations of his constitutional rights as alleged herein.

33.    As a direct and proximate result of the above policies, practices, and customs of Defendants CITY OF ROCKWOOD and CITY OF GIBRALTER, Plaintiff''s Decedent and the heirs at law of Decedent's Estate suffered and continues to suffer those injuries and damages as enumerated above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

### COUNT III

### STATE LAW ASSAULT AND BATTERY
### Defendants MITCHELL & ROBINSON

34.    Plaintiff hereby reasserts and re-alleges paragraphs 1 through 33 as though fully set forth herein.

35.    That the above-described pursuit, apprehension, seizing, and excessive tasering of Plaintiff's Decedent by Defendants MITCHELL and ROBINSON was without legal justification

and / or provocation, and was unnecessary, unreasonable, and clearly excessive, and therefore amounted to an assault and battery as defined under the Michigan law.

36. As a direct, proximate, and foreseeable result of the violations of state law committed by Defendant MITCHELL and ROBINSON, Plaintiff's Decedent and the heirs at law of Decedent's Estate suffered those injuries and damages as enumerated above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

### A JURY TRIAL IS HEREBY DEMANDED

/s/Todd J. Weglarz
TODD J. WEGLARZ (P48035)
Fieger Law
Attorney for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
(248) 355-5148 (fax)
tweglarz@weglarzlaw.com

DATED:  April 24, 2017